10-125-ag
Lin v. Holder

BIA
Chew, IJ
A075 962 076

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of March, two thousand twelve.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

HUA JI LIN,
> *Petitioner,*

v.                                                        10-125-ag
                                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
> *Respondent.*

_____

FOR PETITIONER:        Hua Ji Lin, *pro se*, Monterey Park, CA.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Ethan B. Kanter, Senior Litigation Counsel; Jeffrey L. Menkin, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hua Ji Lin, a native and citizen of China, seeks review of a December 30, 2009, decision of the BIA affirming the February 13, 2008, decision of Immigration Judge ("IJ") George T. Chew denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hua Ji Lin*, No. A075 962 076 (B.I.A. Dec. 30, 2009), *aff'g* No. A075 962 076 (Immig. Ct. N.Y. City Feb. 13, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Lin argues that he suffered past persecution on account of his status as a fisherman when he was injured after

government officials commandeered the boat on which he was working.  However, the BIA reasonably found that Lin's injury was the result of an accident, and thus he did not show that the government officials injured him "on account of" his status as a fisherman.  *See* 8 U.S.C. § 1101(a)(42).

Lin further argues that he was subjected to economic persecution because government officials denied his applications for business licenses and harassed his customers following his public complaints about the government's failure to compensate him for his injury. However, the agency reasonably concluded that Lin's testimony, which contained only his speculation as to the motives of government officials in denying the licenses and harassing his customers, did not establish the actual motives behind the officials' actions, and thus did not establish that he was subjected to persecution "on account of" his opinions.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight afforded to the applicant's evidence lies largely within the discretion of the agency); 8 U.S.C. § 1252(b)(4)(B) (providing that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

Because the agency reasonably concluded that Lin did not establish a nexus between his past mistreatment and his political opinion or membership in a particular social group, the agency did not err in denying his applications for asylum and withholding of removal. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

Lin also argues that the BIA erred in finding that he did not establish his eligibility for CAT relief. However, nothing in the record demonstrates that Lin was subjected to torture or any other deliberate infliction of physical harm, and Lin points to no evidence suggesting that he will be subjected to torture if he returns to China. Thus, he has shown no error in the agency's denial of CAT relief. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005) (explaining that applicants for CAT relief must present evidence establishing that they will more likely than not be tortured).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4